IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-04026 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| WALMART, Inc., | ) | Honorable Sharon Johnson Coleman |
| SHOP MA, INC., | ) | |
| SHOP HOLDING CORPORATION, | ) | |
| JOHN DOE ENTITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff, NATIVE AMERICAN ARTS, INC. ("NAA"), by its undersigned attorneys, complains of Defendants WALMART, INC. ("Walmart"), SHOP MA, INC., SHOP HOLDING CORPORATION, and JOHN DOE ENTITY as follows:

### Nature of the Case

1. This is an action for violation of 25 U.S.C. §305, et seq., and 25 U.S.C. §305e, the Indian Arts and Crafts Act of 1990, and the Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA"). The IACA prohibits a person or entity from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are Indian produced, Indian products, or the products of a particular Indian, an Indian tribe, or an Indian arts and crafts organization.

2. The IACA further provides that a "civil action [under the IACA] may be initiated by... an Indian arts and crafts organization." 25 U.S.C. § 305e(d)(1)(A)(iii).

**Parties**

3.  NAA, is a Native American-owned arts and crafts organization headquartered in the Northern District of Illinois. NAA manufactures, distributes, and sells only authentic Native American arts, crafts and jewelry from its store and nationwide over the internet from its website. All of NAA's products are created by Native American artisans from recognized Native American tribes.

4.  NAA is wholly owned by registered members of the Ho-Chunk Nation, a federally-recognized Native American tribe.[1] NAA is an Indian arts and crafts organization as defined by 25 U.S.C. § 305e.

5.  NAA has invested substantial time, money and effort over many years to advertise, market and promote Authentic and Genuine Native American arts, crafts and jewelry in Illinois and throughout the United States through its store and over the internet on its website.

6.  From 1996 to the present, NAA spent more than $52,000 advertising and marketing its Authentic and Genuine Native American arts, crafts and jewelry across multiple advertising channels including catalogs, newspapers, internet, radio, email, direct mail, flyers, and in-store signage. NAA has spent approximately an additional $25,000 on web advertising and on its web page over that same period. NAA has also engaged in extensive public relations and educational efforts to promote Authentic and Genuine Native American arts, crafts and jewelry.

7.  To counteract the damage counterfeiters have done to the value of the "Native American Designed" and "Native American Made" and Authentic and Genuine Native American

---

[1] 79 Fed. Reg. 4748 (Jan. 29, 2014).

designations of origin, NAA has made efforts to bolster the value of those designations through additional advertising and public relations work and efforts to educate the public.

8. As a direct result of its extensive public relations and educational efforts, NAA has appeared in numerous newspaper articles which discuss its product offerings and efforts to educate the public about Authentic and Genuine Native American arts and crafts.

9. NAA has a protectable interest in maintaining the integrity of the Native American Arts marketplace and the Authentic and Genuine Native American designations of origin conferred to it by the IACA upon which its business relies for its revenues and goodwill.

10. Walmart is the world's largest retailer, with annual revenues in excess of $475 billion. Walmart is headquartered in Bentonville, Arkansas. Walmart has over 11,000 stores in 27 countries, and operates 191 retail stores in Illinois as of March 31, 2014.

11. Walmart advertises and sells a wide range of consumer products in the United States at its retail locations as well as on-line.

12. Walmart also provides customers with the option to purchase its products online for pickup at its retail locations.

13. In its 2014 annual report, Walmart describes the integration of its retail stores, clubs, and website channels as "one unified relationship":

> When we view our business through the eyes of our customers, we don't think about our stores, clubs or websites independently. Instead, our goal is to have customers see these channels converge as one unified relationship with us. We want to deliver a relevant, personalized and seamless experience across all channels.[2]

14. Shop Holding Corporation is a Delaware Corporation with its Headquarters located in Los Angeles, California. Shop Holding Corporation owns and operates numerous

---

[2] http://cdn.corporate.walmart.com/66/e5/9ff9a87445949173fde56316ac5f/2014-annual-report.pdf (last accessed May 6, 2015).

online retailers including Bizrate.com. Shop Holding Corporation displays products for sale for its financial benefit in Illinois through its interactive websites including Bizrate.com.

15. Shop Ma, Inc. is a Florida Corporation with its principle place of business in Miami, Florida. Shop Ma, Inc. owns and operates the online retailer Shop.com. Shop Ma, Inc. displays products for sale for its financial benefit in Illinois through its interactive website Bizrate.com.

16. A John Doe Entity owns and operates the online retailer boutiquebetter.com. John Doe Entity displays products for sale for its financial benefit in Illinois through its interactive website boutiquebetter.com.

## Jurisdiction and Venue

17. Jurisdiction over this actions is conferred by 28 U.S.C. §1331, as this claim arises under the federal law.

18. This Court has personal jurisdiction over Walmart because Walmart conducts business in Illinois on a continuous and systematic basis.

19. This Court has personal jurisdiction over Shop Holding Corporation because Shop Holding Corporation conducts business in Illinois on a continuous and systematic basis.

20. This Court has personal jurisdiction over Shop Ma, Inc. because Shop Ma, Inc. conducts business in Illinois on a continuous and systematic basis.

21. This Court has personal jurisdiction over John Doe Entity because John Doe Entity conducts business in Illinois on a continuous and systematic basis.

22. Venue is proper in the Northern District of Illinois because Northern District of Illinois is where the injury to NAA occurred in diluting the Genuine and Authentic Native

American made designations of origin upon which its business relies for its revenues and goodwill.

## Factual Background

23. From at least January 2, 2013-May 14, 2015, Walmart advertised, marketed and sold the "Brinley Co. Sterling Silver and Enamel Bead Dreamcatcher Drop Earrings" (hereinafter "dreamcatcher earrings"), pictured below, on its website as Native American designed and handmade:

> These sterling silver earrings feature beautifully polished dreamcatchers with colored enamel bead accents. **The jewelry is an original design that has been handmade by Native American craftsmen.** *See* Exhibit 1 (Emphasis added).



24. Walmart has advertised, marketed and sold three additional Brinley Co. Products, (the "pendant", the "drop earrings" and the "necklace") pictured below, on its website as Native American designed and handmade:

### Brinley Co. Genuine Turquoise Sterling Silver Pendant

With a pop of color, this pendant showcases an oval-shaped turquoise stone that rests in a sterling silver setting. **The jewelry is an original design that has been handmade by Native American craftsmen.** Exhibit 2 (Emphasis added).

5



**Brinley Co. Genuine Turquoise Sterling**
**Silver Hand Crafted Bead Drop Earrings**

These stylish drop earrings feature genuine green turquoise stacked on sterling silver shepherd's hooks backings. **Set against sterling silver round and tube beads, this pair is an original design by Native American craftsmen in the USA.** Exhibit 3 (Emphasis added).



**Brinley Co. Genuine Turquoise Sterling**
**Silver Round Stone Necklace**

With a pop of color, this sterling silver necklace is strung with rounded turquoise stones. **The jewelry is an original design that has been handmade by Native American craftsmen.** Exhibit 4 (Emphasis added).



25. Walmart allows customers to order products including the drop earrings on-line and pick them up in store at Walmart retail locations throughout the United States. *See* Exhibit 3.

26. On April 3, 2015, NAA's counsel sent a letter to Walmart, asking it to provide proof that the dreamcatcher earrings were in fact designed and hand made by Native Americans. Exhibit 5. Walmart received this letter on April 7, 2015. NAA asked Walmart to respond to its letter by May 4, 2015.

27. When Walmart did not respond to NAA's letter by May 4, 2015, NAA filed a lawsuit against Walmart. Dkt. 1. On May 14, 2015, Walmart changed the description of the dreamcatcher earrings to remove all references to Native Americans. Walmart did not change the item descriptions on the webpages for the pendant, the drop earrings or the necklace.

28. Though Walmart changed the description of the dreamcatcher earrings on its own website, the dreamcatcher earrings are displayed with the old description on affiliated websites including BoutiqueBetter.com, Shop.com, Bizrate.com and Alibaba.com. Exhibits 6-9. These websites link directly to Walmart.com.

29. The pendant and the necklace are also displayed on Bizrate.com and Alibaba.com. Exhibits 10-13. The drop earrings are displayed on Alibaba.com. Exhibit 14. These websites link directly to Walmart.com.

7

30. On information and belief, the dreamcatcher earrings, the pendant, the drop earrings and the necklace are mass produced by non-Indian labor, and are neither made by Native Americans nor designed by a Native American.

## **COUNT I**
Walmart
(Indian Arts and Crafts Act)

31. Plaintiff realleges paragraphs 1-30.

32. The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e

33. In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

34. The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

35. The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

36. NAA is an Indian arts and crafts organization under the IACA.

37. The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

38. On information and belief, the dreamcatcher earrings, the pendant, the drop earrings and the necklace were not produced, designed or manufactured by individuals/entities who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, et. seq.

39. Walmart advertises, markets and sells the dreamcatcher earrings, the pendant, the drop earrings and the necklace as Indian produced and Indian products.

40. Walmart used the unqualified phrases "designed" and "handmade" by "Native Americans" when displaying the dreamcatcher earrings for sale on its website from at least January 2, 2013 to May 14, 2015. Walmart used and continues to use the unqualified phrase "designed" and "handmade" by "Native Americans" when displaying the dreamcatcher earrings on affiliated websites which link to Walmart.com.

41. Walmart uses and has used the unqualified phrases "designed" and "handmade" by "Native Americans" when displaying the pendant and the necklace for sale on its website from a date to be determined through discovery to present.

42. Walmart uses and has used the unqualified phrase "designed" by "Native Americans" when displaying the drop earrings for sale on its website from a date to be determined through discovery to present.

43. On information and belief, the dreamcatcher earrings, the pendant, the drop earrings and the necklace advertised, displayed, offered for sale, and sold by Walmart are not in

9

fact Indian products, nor were they Indian produced, as defined in 25 U.S.C. § 305 et. seq. and the corresponding regulations.

44. By using the congressionally granted designation of origin "Native American" "designed" and "handmade" by "Native Americans", Walmart diluted and tarnished these designation of origins' distinctiveness, and diminished the value of those designations of origin.

45. NAA's business, reputation and goodwill is directly tied to the "Native American made" and "Native American" "designed" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of Walmart's counterfeiting activities as alleged herein.

46. In passing off the dreamcatcher earrings, the pendant, the drop earrings and the necklace as Native American produced and Native American products, Walmart got a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and proximate cause of Walmart's "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin "handmade by Native Americans" and "Native American designed."

47. As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to Walmart's IACA violations alleged herein.

48. Because Walmart willfully violated the IACA and continued to violate the IACA even after NAA informed it of the violation, an award of punitive damages is appropriate.

49. Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

50. Walmart's advertisement, display, offering for sale, and sale of Native American-style goods in a manner that falsely suggests they are Native American produced or Native American products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant as follows:

a) Award statutory damages of $1000 per day for the number of days Walmart violated the IACA by falsely offering the dreamcatcher earrings, the pendant, the drop earrings and the necklace as authentic Native American products or Native American produced;

b) Award reasonable attorney's fees and costs of suit;

c) Award punitive damages;

d) Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent Walmart from continuing to misrepresent the dreamcatcher earrings, the pendant, the drop earrings and the necklace as a Native American product or Native American produced.

## COUNT II
Shop Ma, Inc.
(Indian Arts and Crafts Act)

51. Plaintiff realleges paragraphs 1-30.

52. The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e

53. In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary

11

further states that "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

54. The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

55. The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

56. NAA is an Indian arts and crafts organization under the IACA.

57. The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

58. On information and belief, the dreamcatcher earrings were not produced, designed or manufactured by individuals/entities who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, et. seq.

59. Shop Ma, Inc. displays for sale, on Shop.com, and earns a financial benefit from the sale of the dreamcatcher earrings as Indian produced and Indian products.

60. On information and belief, the dreamcatcher earrings displayed for sale by Shop Ma, Inc. on Shop.com are not in fact Indian products, nor were they Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the corresponding regulations.

61. By displaying for sale a product that "that falsely suggests it is Indian produced [or] an Indian product[,]" Shop Ma, Inc. diluted and tarnished this designation of origin and diminished its distinctiveness and value.

62. NAA's business, reputation and goodwill is directly tied to the "Native American made" and "Native American designed" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of Shop Ma, Inc.'s counterfeiting activities as alleged herein.

63. In passing off the dreamcatcher earrings as Native American produced and Native American products, Shop Ma, Inc. got a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and proximate cause of Shop Ma, Inc.'s "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin "handmade by Native Americans" and "Native American designed."

64. As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to John Doe Entity's IACA violations alleged herein.

65. Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

66. Shop Ma, Inc.'s displaying for sale of a product in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant as follows:

(a) Award statutory damages of $1000 per day for the number of days Shop Ma, Inc. violated the IACA by falsely displaying the dreamcatcher earrings as authentic Native American products or Native American produced;
(b) Award reasonable attorney's fees and costs of suit;
(c) Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent Shop Ma, Inc. from continuing to misrepresent the dreamcatcher earrings as a Native American product or Native American produced.

## COUNT III
### John Doe Entity
### (Indian Arts and Crafts Act)

67. Plaintiff realleges paragraphs 1-30.

68. The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e

69. In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

70. The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

71. The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

72. NAA is an Indian arts and crafts organization under the IACA.

73. The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

74. On information and belief, the dreamcatcher earrings were not produced, designed or manufactured by individuals/entities who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, et. seq.

75. John Doe Entity displays for sale, on boutiquebetter.com, and earns a financial benefit from the sale of the dreamcatcher earrings as Indian produced and Indian products.

76. On information and belief, the dreamcatcher earrings displayed for sale by John Doe Entity on boutiquebetter.com are not in fact Indian products, nor were they Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the corresponding regulations.

77. By displaying for sale a product that "that falsely suggests it is Indian produced [or] an Indian product[,]" John Doe Entity diluted and tarnished this designation of origin and diminished its distinctiveness and value.

78. NAA's business, reputation and goodwill is directly tied to the "Native American made" and "Native American designed" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of John Doe Entity's counterfeiting activities as alleged herein.

79. In passing off the dreamcatcher earrings as Native American produced and Native American products, John Doe Entity got a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a

direct and proximate cause of John Doe Entity's "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin "handmade by Native Americans" and "Native American designed."

80. As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to John Doe Entity's IACA violations alleged herein.

81. Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

82. John Doe Entity's displaying for sale of a product in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant as follows:

(a) Award statutory damages of $1000 per day for the number of days John Doe Entity violated the IACA by falsely displaying the dreamcatcher earrings as authentic Native American products or Native American produced;
(b) Award reasonable attorney's fees and costs of suit;
(c) Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent John Doe Entity from continuing to misrepresent the dreamcatcher earrings as a Native American product or Native American produced.

## COUNT IV
Shop Holding Corporation
(Indian Arts and Crafts Act)

83. Plaintiff realleges paragraphs 1-30.

84. The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2)

an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e

85. In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

86. The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

87. The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

88. NAA is an Indian arts and crafts organization under the IACA.

89. The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

90. On information and belief, the dreamcatcher earrings, the pendant and the necklace were not produced, designed or manufactured by individuals/entities who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, et. seq.

91. Shop Holding Corporation displays for sale, on Bizrate.com, and earns a financial benefit from the sale of the he dreamcatcher earrings, the pendant and the necklace as Indian produced and Indian products.

17

92. On information and belief, he dreamcatcher earrings, the pendant and the necklace displayed for sale by Shop Holding Corporation on Bizrate.com are not in fact Indian products, nor were they Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the corresponding regulations.

93. By displaying for sale a product that "that falsely suggests it is Indian produced [or] an Indian product[,]" Shop Holding Corporation diluted and tarnished this designation of origin and diminished its distinctiveness and value.

94. NAA's business, reputation and goodwill is directly tied to the "Native American made" and "Native American designed" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of Shop Holding Corporation's counterfeiting activities as alleged herein.

95. In passing off the he dreamcatcher earrings, the pendant and the necklace as Native American produced and Native American products, Shop Holding Corporation got a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and proximate cause of Shop Holding Corporation's "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin "handmade by Native Americans" and "Native American designed."

96. As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to Shop Holding Corporation's IACA violations alleged herein.

97. Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

98. Shop Holding Corporation's displaying for sale of a product in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant as follows:

(a) Award statutory damages of $1000 per day for the number of days Shop Holding Corporation violated the IACA by falsely displaying the dreamcatcher earrings, the pendant and the necklace as authentic Native American products or Native American produced;
(b) Award reasonable attorney's fees and costs of suit;
(c) Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent Shop Holding Corporation from continuing to misrepresent he dreamcatcher earrings, the pendant and the necklace as a Native American product or Native American produced.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

NATIVE AMERICAN ARTS, INC.
By:   /s/ John R. McInerney
         One of its Attorneys

Peter S. Lubin
Vincent L. DiTommaso
John R. McInerney
DITOMMASO ♦ LUBIN, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL  60181
(630) 333-0000